1
2
3
4
5
6
7

8    UNITED STATES DISTRICT COURT

9    CENTRAL DISTRICT OF CALIFORNIA

10

11   SHAWNE FLETCHER,                    ) Case No. EDCV 14-1524 JGB(JC)
                                         )
12                      Plaintiff,       ) MEMORANDUM OPINION AND
                                         ) ORDER DISMISSING ACTION
13          v.                           )
                                         )
14   CALIFORNIA DEPARTMENT OF            )
     CORRECTIONS, et al.,                )
15                                       )
                                         )
16                      Defendants.      )
     _____ )
17

18          On August 19, 2014, plaintiff, Shawne Fletcher ("plaintiff"), who is in

19   custody at the California Rehabilitation Center in Norco ("CRC") in Riverside

20   County, is proceeding *pro se*, and has been granted leave to proceed *in forma*

21   *pauperis*, filed a Civil Rights Complaint ("Original Complaint") pursuant to

22   42 U.S.C. § 1983 ("Section 1983") with attached exhibits against the California

23   Department of Corrections and Rehabilitation ("CDCR") and CRC Warden Cynthia

24   Tampkins.  Plaintiff sued defendant Tampkins in her individual and official

25   capacities, and sought monetary and injunctive relief from both defendants.

26   As plaintiff is proceeding *in forma pauperis*, the assigned Magistrate Judge

27   screened the Original Complaint to determine if it failed to state a claim on

28   ///

which relief might be granted or sought monetary relief against a defendant who was immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

On September 19, 2014, the Magistrate Judge issued an order (the "September Order") advising plaintiff that the Original Complaint was deficient for reasons described in the September Order and affording plaintiff an opportunity to file a First Amended Complaint if he wished to proceed with this action.[1]  The September Order further expressly advised plaintiff that the failure timely to file a First Amended Complaint might result in the dismissal of this action on the grounds set forth in the September Order and/or for failure diligently to prosecute.

On December 4, 2014, plaintiff filed a First Amended Complaint, naming the CDCR and multiple new CDCR officials (not including defendant Tampkins) as defendants.[2]  He sues such new individual defendants in both their individual and official capacities, and seeks monetary and injunctive relief from all defendants. As plaintiff is proceeding *in forma pauperis*, the assigned Magistrate Judge screened the First Amended Complaint to determine if it fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

On April 9, 2015, the Magistrate Judge issued an order (the "April Order") advising plaintiff that the First Amended Complaint was deficient for reasons

---

[1]Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that the Original Complaint, among other deficiencies, failed to comport with Rules 8 and 10 of the Federal Rules of Civil Procedure, failed to state a cognizable Section 1983 claim against the CDCR as such entity was immune from suit, failed to state a cognizable Section 1983 official capacity claim for money damages against the individual defendant because such claim was effectively against the CDCR which was immune from such suits, failed to state a viable official capacity claim for injunctive relief and failed to state a viable individual capacity claim against the individual defendant.

[2]Specifically, the new individual defendants are:  (1) M.D. Stainer; (2) Jeffrey A. Beard; (3) Martin Hoshino; (4) Kelly Harrington; (5) Kathleen Allison; (6) Vince Cullen; (7) Laurie Maurino; (8) Natalie Fransham; (9) David Skaggs; and (10) Jane Soria.

described in the April Order and affording plaintiff an opportunity to file a Second Amended Complaint by not later than April 23, 2015, if he wished to proceed with this action.[3]  The April Order further expressly advised plaintiff that the failure timely to file a Second Amended Complaint might result in the dismissal of this action on the grounds set forth in the April Order and/or for failure diligently to prosecute.  To date, although the foregoing deadline has expired, plaintiff has failed to file a Second Amended Complaint or to seek an extension of time to do so.

In light of the foregoing, on May 7, 2015, the Magistrate Judge issued an Order to Show Cause ("OSC") directing plaintiff, by May 21, 2015, to show cause in writing why this action should not be dismissed based upon the deficiencies in the First Amended Complaint identified in the April Order and/or based upon plaintiff's failure to prosecute this action.  The OSC expressly cautioned plaintiff that the failure timely to comply with the OSC and/or to show good cause would result in the dismissal of this action based upon the deficiencies identified in the April Order, plaintiff's failure to prosecute this action, and/or plaintiff's failure to comply with the OSC.  To date, plaintiff has failed to file a response to the OSC, and the deadline to do so has now expired.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  In determining whether to dismiss an action for failure to prosecute or failure to

---

[3]Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that, among other deficiencies, the First Amended Complaint failed to state a cognizable Section 1983 claim against the CDCR as such entity is immune from suit, failed to state a cognizable Section 1983 official capacity claim for money damages against the individual defendants because such claims were effectively against the CDCR which is immune from such suits, failed to state a viable official capacity claim for injunctive relief and failed to state viable individual capacity claims against the individual defendants.

3

1    comply with court orders, a district court must consider several factors:  (1) the
2    public's interest in expeditious resolution of litigation; (2) the court's need to
3    manage its docket; (3) the risk of prejudice to defendants; (4) the public policy
4    favoring disposition of cases on their merits; and (5) the availability of less drastic
5    alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to
6    prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

7         The Court finds that the first two factors – the public's interest in
8    expeditiously resolving this litigation and the Court's interest in managing the
9    docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance
10   indefinitely awaiting plaintiff's response to the Court's directives.  The third factor,
11   risk of prejudice to defendants, also weighs in favor of dismissal since a
12   presumption of injury arises from the occurrence of unreasonable delay in
13   prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.
14   1976).  The fourth factor, the public policy favoring disposition of cases on their
15   merits, is greatly outweighed by the factors in favor of dismissal discussed herein.
16   Finally, as plaintiff has already been cautioned of the consequences of his failure to
17   prosecute and his failure to comply with the OSC, has been afforded the
18   opportunity to do so, and has not responded, no sanction lesser than dismissal
19   without prejudice is feasible.

20        IT IS THEREFORE ORDERED that this action is dismissed based upon
21   plaintiff's failure to prosecute and failure to comply with the OSC.

22        IT IS SO ORDERED.

23   DATED:   June 9, 2015

24

25   ___                                              _____

26   HONORABLE JESUS G. BERNAL
     UNITED STATES DISTRICT JUDGE
27

28

4